■ In the Matter of PETER J. MURRAY, Appellant, v FRANK X. GARGIULO et al., Constituting the Board of Elections of the City of New York, Respondents, and MARGARET CONTINO, Respondent. — In a proceeding to validate a petition designating petitioner as a candidate in the Democratic Party Primary Election to be held on September 10, 1981 for the public office of Council Member from the First Councilmanic District, the appeal is from a judgment of the Supreme Court, Richmond County (Rubin, J.), dated August 14, 1981, which dismissed the proceeding. Judgment reversed, without costs or disbursements, and matter remitted to Special Term for proceedings consistent herewith. The failure to include a venue caption in the statement of a Commissioner of Deeds appended to a designating petition is a technical irregularity which is insufficient to invalidate a petition. Accordingly, the signatures determined to be invalid by Special Term as a result of the lack of a venue caption are not invalid for that reason. We cannot, however, grant the petition to validate the candidate's designating petition. The matter must be remitted to Special Term to determine whether any of the signatures contained in the petition are invalid for other reasons which might have been raised before Special Term but were not considered by that court in its determination. Damiani, J.P., Gibbons, Gulotta and Bracken, JJ., concur.

■ In the Matter of AUGUST C. PERSICHETTY, Appellant, v EVERETT F. McNAB et al., Constituting the Board of Elections of the County of Suffolk, Respondents, and JOHN D. ECKART, Respondent. — In a proceeding to validate a "petition for opportunity to ballot for the office of Town Supervisor, Town of Southampton" in the Conservative Party Primary Election to be held on September 10, 1981, the appeal is from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated August 24, 1981, which dismissed the proceeding. Appeal dismissed, without costs or disbursements. The appellant has failed to properly perfect his appeal in that the minutes of the hearing in this matter have not been produced. These minutes are necessary to consider appellant's factual allegations. The appeal, therefore, must be dismissed. Damiani, J.P., Gibbons, Gulotta and Bracken, JJ., concur.